IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Kisu Seo**, on behalf of himself and all other Plaintiffs similarly situated known and unknown )<br><br>Plaintiff, )<br>v. )<br><br>H Mart Inc., H Mart American Dream, LLC, H Mart Holdings, Inc., H Mart Logistics, Inc., H Mart Companies, Inc., H Mart Midwest Corp. DBA Super H Mart, BK Schaumburg Inc., H Mart Troy, LLC and Hye Joo Choi )<br><br>Defendants. ) | Case No. 19-cv-3248 |

## FIRST AMENDED COMPLAINT

Plaintiff, Kisu Seo, on behalf of himself and all other Plaintiffs similarly situated known and unknown, through his attorneys, for his Complaint against various H Mart entitie ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL") and Workforce Opportunity Wage Act in Michigan Labor Law §408.414a for Defendants' failure to pay overtime wages to Plaintiff. During the course of his employment by Defendants, Plaintiff worked in excess of forty (40) hours per week and Plaintiff was not paid overtime wages properly. Plaintiff further alleges that Defendants' failure to pay the overtime wages is willful and intentional.

1

## THE PARTIES

2. Plaintiff was at all times relevant hereto an employee of Defendants.

3. Plaintiff was at all times relevant hereto an individual employed in the State of Michigan and the State of Illinois by Defendants.

4. Plaintiff had at all times relevant hereto resided in the State of Michigan and in the State of Illinois.

5. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, Illinois Minimum Wage Law, and Michigan Labor Law and the implementing rules and regulations of the FLSA, the Illinois Minimum Wage Law and Michigan Labor Law.

6. Plaintiff is filing this FLSA claim as an individual action for himself and also on behalf of all others who were similarly situated.

7. H Mart is an Asian supermarket chain operated by the Hanahreum Group headquartered in Lyndhurst, New Jersey. The chain, with locations throughout the United States, Canada, and London, specializes in providing Asian foods.

8. H Mart has a total of 68 stores in the United States, 5 stores in Illinois, at Niles, Naperville, Glenview, Schaumburg, and Chicago and 1 store in Michigan.

9. While each defendant is incorporated as a separate entity, the fact is, all of them are managed and controlled by the same defendant, H Mart, Inc., which acts as headquarter and parent company for all the other defendants. Further, upon information and belief, all of the defendants are owned 100% by shareholder Mr. Kwon or his family members.

10. All defendants were joint employers of plaintiff because plaintiff's work simultaneously benefited all defendants.

11. To be specific, while plaintiff was on the payroll of H Mart Midwest, Corp. on April, 25, 2019, the actual paycheck was issued by H Mart located at 300 Chubb Ave. Lyndhurst, NJ. Also, while plaintiff worked in California location of H Mart, the pay checks were issued by H Mart company located in Lyndhurst, NJ.

12. Plaintiff was hired by defendants on June 4, 2015. After hiring, plaintiff received orientation at H Mart located in Ridgefield, New Jersey and worked at that location until October 24, 2015.

13. On October 25, 2015, he was sent to H Mart in Torrance, CA where a new store opening was planned.

14. On September 26, 2016, he was transferred to Troy, Michigan for defendant H Mart Troy, LLC.

15. On July 20, 2018, he was transferred to Illinois.

16. On July 21, 2018, Plaintiff started to work at the Niles branch. From July 22, 2018 until October 7, 2018, he worked at the Naperville branch. From October 8, 2018 until April 18, 2019, he worked at the H Mart Schaumburg location.

17. Based on information and belief, all personnel decisions of employees of defendants are made by the headquarter of H Mart and the other defendants merely implement the policy mandated by the headquarter.

18. While plaintiff was working in California location of H Hart, one day plaintiff reported to work by 6:15 am. Mr. Jang Won Lee, the branch manager at the time, while pointing out that he was supposed to report by 6 a.m, told plaintiff that he should keep accurate count of hours worked. When plaintiff responded to Mr. Lee that in fact he was

working over and beyond the hours he was required to work without receiving the extra pay, Mr. Lee responded to plaintiff that he does not know about working beyond the required hours without getting paid and he should talk to the headquarters.

19. For the period commencing on or about June 4, 2015, until April 18, 2019, Plaintiff Kisu Seo regularly and customarily at the specific instruction and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

20. Plaintiff performed work for Defendants the said excess of forty (40) hours per work week as an expressed condition of his continued employment.

21. During the relevant time period, Plaintiff mostly started his work at 9 a.m. and ended at 7:00 p.m. for 6 days per week. Plaintiff also started his work around 10 a.m. and ended around 8 p.m.

22. During his employment period, he took only one day off per week. But on his off day, he was often called to the store for special sale events or for visiting directors.

23. Defendants paid Plaintiff a fixed amount of $4,500 a month.

24. Plaintiff regularly worked more than 40 hours a week and was not paid the proper amount of overtime wages.

25. Plaintiff regularly worked more than 40 hours per week while employed by Defendants.

26. Plaintiff performed manual labor for Defendants.

27. Plaintiff was assigned to said manual labor by Defendants.

28. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

29. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

30. Plaintiff was required to report to work for Defendants at a certain time.

31. Plaintiff could not set his own hours of work for Defendants.

32. Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

33. Defendants are and were at all relevant times hereto engaged in the business of a Grocery Store.

34. Defendants are and were at all relevant times hereto engaged in interstate commerce.

35. Defendant Hye Joo Choi ("Choi") managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

36. Defendant Choi participated in and approved of the unlawful pay practices of the business of H Mart at the Schaumburg, IL location.

37. Defendant Choi was involved in assigning work to Plaintiff.

38. Defendant Choi had the power and authority to discipline Plaintiff.

39. Defendant Choi exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

40. Defendant Choi told Plaintiff where to work and when to work. Choi had day-to-day control of Schaumburg location of H Mart.

41. Specifically, as direct supervisor of plaintiff, Choi told plaintiff how to perform his job and whenever Choi deemed there was problem with the department plaintiff was working in, Choi would give directives to plaintiff as to how he should correct it. Plaintiff

was required to follow Choi's direction and if he did not, such disobedience would be a ground for write up or other diciplinary action. Choi had either ultimate authority to fire plaintiff or recommend to her superior that plaintiff be fired and such recommendation would carry strong consideration.

42. Defendants employed Plaintiff to do work for them in the States of Illinois, New Jersey, California and Michigan.

43. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

44. Defendants provided the tools and equipment and materials for Plaintiff to do his job for Defendants.

45. Defendants held Plaintiff out as an employee.

46. At all times relevant hereto, each Defendant approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

47. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. §203(d), Workforce Opportunity Wage Act in Mich. Comp. Laws Ann. §408.414a and the Illinois Minimum Wage Law.

48. No exemption from overtime applies or applied to Plaintiff when he works or worked more than 40 hours in a workweek for Defendants.

49. Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours per workweek.

50. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

51. Defendant H Mart Midwest Corp. is an Illinois corporation doing business as

6

Super H Mart in Illinois and is an enterprise as defined in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

52. Defendant H Mart Midwest Corp. is subject to the FLSA and IMWL by the nature of its business and the amount of revenues generated. Defendant's annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

53. Defendant BK Schaumburg, Inc, is an Illinois corporation doing business as H Mart in Schaumburg and is an enterprise as defined in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

54. Defendant BK Schaumburg, Inc. is subject to the FLSA and IMWL by the nature of its business and the amount of revenues generated. Defendant's annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

55. Defendant H Mart Troy, LLC is subject to the FLSA and Workforce Opportunity Wage Act in Mich. Comp. Laws Ann. §408.414a by the nature of its business and the amount of revenues generated. Defendant's annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

56. Defendant Choi is the branch manager of the H Mart Schaumburg store.

57. Defendants H Mart Inc., H Mart American Dream, LLC, H Mart Holdings, Inc., H Mart Logistics, Inc., H Mart Companies, Inc. are joint employers of plaintiff and are subject to the FLSA by the nature of its business and the amount of revenues generated. Defendant's annual dollar volume of business exceeds five hundred thousand

dollars ($500,000.00).

## JURISDICTION AND VENUE

58. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C §1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

59. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

60. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all hours worked.

61. For Plaintiff Kisu Seo, for the period commencing on or about June 4, 2015, until April 18, 2019, Plaintiff Kisu Seo regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

62. Plaintiff performed work for Defendants the said excess of forty (40) hours per work week as an expressed condition of his continued employment.

63. Plaintiff regularly worked more than 60 hours a week and was never paid the proper amount of overtime wages.

64. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

65. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

66. Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

67. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times their regular rate of pay.

68. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual work weeks.

69. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

70. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours per week.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.   Reasonable attorney's fees and costs incurred in filing this action; and

D.   Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

71.   All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

72.   This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

73.   The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

74.   Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

75.   Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

76.   Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

77.   Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times their regular rate of pay for hours worked

in excess of forty (40) hours per week.

78. Pursuant to 820 ILCS 105/12*(a)*, Plaintiff is entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

    **WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week

B. Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of Workforce Opportunity Wage Act (Michigan Labor Law)
### Overtime Wages

79. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

80. This Court has supplemental jurisdiction over the matters alleged herein pursuant to Act 138 of 2014, §408.414 a. As stated above, all defendants were joint employers of plaintiff because plaintiff's work simultaneously benefited all defendants.

81. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Workforce Opportunity Wage Act §408.414 a. Plaintiff brings this action pursuant to §408.419.

82. Pursuant to §408.414a, for all weeks during which Plaintiff worked in excess of

forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

83.     Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

84.     Defendants violated the Michigan Labor Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

85.     Defendants willfully violated the Michigan Labor Law by refusing to compensate Plaintiff at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

86.     Pursuant to §408.419, Plaintiff is entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus liquidated damages in the equal amount of unpaid wages together with costs and reasonable attorney fees.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorney's fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: October 18, 2019

                          /s/ Ryan Kim
Ryan J. Kim
INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiff