## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Kisu Seo, on behalf of himself and all other Plaintiffs similarly situated known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> H Mart Inc., H Mart American Dream LLC, H Mart Holdings, Inc., H Mart Logistics, Inc., H Mart Companies, Inc., H Mart Midwest Corp. DBA Super H Mart, BK Schaumburg, Inc., H Mart Troy, LLC, and Hye Joo Choi, <br><br> Defendants. | Case No. 19-cv-03248 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kisu Seo alleges that he worked overtime hours for a supermarket chain for which he was not compensated at the proper rate by Defendants. Seo brings claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA), Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* (IMWL), and the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws Ann. § 408.411 *et seq.* (WOWA). Defendants' motion to dismiss for lack of personal jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) are before the Court. (Dkt. 34).

For the reasons explained below, the Court grants the Rule 12(b)(2) motion and grants in part and denies in part the Rule 12(b)(6) motion [34].

1

### I.  Background

H Mart is a supermarket chain specializing in Asian foods that operates 68 locations throughout the United States, Canada, and the United Kingdom. (First Amended Complaint ("FAC" or "complaint"), Dkt. 26 ¶¶ 7-8). In June 2015, Seo was hired by Defendants to perform manual labor in H Mart grocery stores. (*Id.* ¶¶ 12, 26, 33). He was employed at various H Mart locations until April 2019. (*Id.* ¶ 19). Seo asserts that during this time he mostly worked from 9 AM to 7 PM or 10 AM to 8 PM for six days a week, approximating 60 hours per week. (*Id.* ¶¶ 21, 63). Even on his day off, he was often called into work. (*Id.* ¶ 22). Seo claims that he was compensated at a fixed amount or $4500 a month and was not paid overtime wages. (*Id.* ¶¶ 23-24).

After working at other H Mart locations in the U.S., Seo was transferred to Troy, Michigan, where he worked until July 20, 2018, when he was transferred to Illinois. (*Id.* ¶¶ 12–15). On July 21, 2018, he started working in Niles, Illinois, then in Naperville from July 22, 2018 to October 7, 2018, and finally at H Mart Schaumburg from October 8, 2018 to April 18, 2019. (*Id.* ¶ 16). While at H Mart Schaumburg, the branch manager, Hye Joo Choi was Seo's direct supervisor. (*Id.* ¶40). She had day-to-day control of the Schaumburg store. (*Id.* ¶40). Choi "managed, supervised, established and administered the terms and conditions of [Seo's] employment," including when and how he would work and how much and the manner in which he was paid. (*Id.* ¶¶ 35–41, 56). Seo alleges that all of the Defendants were his employers pursuant to the FSLA, WOWA and IMWL. (*Id.* ¶¶ 1, 47).

2

On May 14, 2019, Seo filed this suit initially only naming H Mart Midwest Corp., BK Schaumburg, Inc., and Choi. (Dkt. 1). On August 6, 2019, Defendants' first motion to dismiss was denied without prejudice as moot in light of Seo's intent to file an amended complaint. (Dkt. 13). On August 28, 2019, when Seo did not file an amended complaint by the Court-ordered deadline, Defendants re-filed their motion to dismiss. (Dkt. 15). On September 30, 2019, Seo was given until October 18, 2019 to file a response to the motion or an amended complaint, and the Court warned that he must address the motion to dismiss in amending his complaint. (Dkt. 24). Seo filed the operative complaint on October 21, 2019, adding new defendants. His complaint states that he has filed "this FLSA claim as an individual action for himself and also on behalf of all others who were similarly situated." (Dkt. 26). Defendants again filed a motion to dismiss Seo's new complaint. (Dkt. 34).

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all

permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

Under Rule 12(b)(2), a court may dismiss a claim for lack of personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). A complaint need not include facts alleging personal jurisdiction. But once the defendant moves to dismiss the complaint under Rule 12(b)(2), the plaintiff must demonstrate that personal jurisdiction exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

### III.   Analysis

#### A.  Personal Jurisdiction over Foreign Defendants

Defendants argue that this Court does not have personal jurisdiction over H Mart, Inc., H Mart American Dream LLC, H Mart Holdings, Inc., H Mart Logistics, Inc., H

Mart Companies, Inc., and H Mart Troy, LLC (the "Foreign Defendants"). "The nature of the defendant's contacts with the forum state determines the propriety of personal jurisdiction and also its scope—that is, whether jurisdiction is proper at all, and if so, whether it is general or specific to the claims made in the case." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). The Court "take[s] as true all well-pleaded facts alleged in the complaint and resolve[s] any factual disputes in the affidavits in favor of the plaintiff." *Id.* at 700. Seo has the burden of establishing a prima facie case of personal jurisdiction over these defendants. *Purdue Research*, 338 F.3d at 782. Neither party has submitted affidavits or other written evidentiary material, so the Court determines whether the well-pleaded allegations in the complaint show Seo has met his burden.

Defendants argue that Seo cannot establish either general or specific personal jurisdiction over the Foreign Defendants. "The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Tamburo*, 601 F.3d at 701. And specific jurisdiction requires a defendant's contacts with the forum state to "directly relate to the challenged conduct or transaction." *Id*. at 702. Without specifying whether he believes these defendants are subject to general or specific personal jurisdiction in Illinois, Seo makes two arguments in response. Seo contends that personal jurisdiction over the Foreign Defendants exists (1) because Defendants were all joint employers of Seo, including during the time he worked in Illinois, and (2) because of the parent-subsidiary corporate relationship. (Dkt. 42 at 8-9).

5

Assuming for the sake of argument that all of the Foreign Defendants are "joint employers" of Seo, Seo fails to cite any case law establishing that joint employer status automatically confers personal jurisdiction over a defendant. *See Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."); *Williams v. Dieball*, 724 F.3d 957, 963 (7th Cir. 2013) (it is not the court's job to research and construct the parties' arguments) (internal citation and quotations omitted). Indeed case law shows the opposite is true. *See Wright v. Waste Pro USA Inc.,* 2019 WL 3344040, at *11 (D.S.C. July 25, 2019) ("the weight of the authority on this question has determined that the [joint employer / single integrated enterprise] theory applies only to liability and cannot be relied upon to create personal jurisdiction") (collecting cases).[1]

Next is Seo's argument that the Court has personal jurisdiction over a parent company based on a subsidiary's contacts or because the subsidiary is acting as the parent's agent. Seo's complaint and response brief are vague about the corporate relationship amongst Defendants. He alleges that "[w]hile each defendant is incorporated as a separate entity, the fact is, all of them are managed and controlled by the same defendant, H Mart, Inc., which acts as headquarter and parent company for all the other defendants. Further, upon information and belief, all of the defendants are owned 100% by shareholder Mr. Kwon or his family members." (FAC

---

[1] *See also Gross v. Peoples Gas Light & Coke Co.*, 2018 WL 558515, at *1 (N.D. Ill. Jan. 24, 2018) (noting that generally courts treat issue of whether a FLSA defendant is a joint employer as an element of plaintiff's claim, not as a jurisdictional issue).

¶ 9). Thus Seo alleges that H Mart, Inc. is the parent company, with all of the other defendant entities being subsidiaries of H Mart, Inc.

"[C]onstitutional due process requires that personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000); *see also Erno Kalman Abelesz v. OTP Bank*, 692 F.3d 638, 658-59 (7th Cir. 2012) (no personal jurisdiction based on parent-subsidiary relationship where there was no suggestion of "an unusually high degree of control" over subsidiary or that the subsidiary's "corporate existence is simply a formality."). In the FLSA context, "a parent corporation is not liable for violations of the Fair Labor Standards Act by its subsidiary unless it exercises significant authority over the subsidiary's employment practices." *Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763, 764 (7th Cir. 2013).

Seo argues that his allegations are sufficient because "Defendants hired him into one location and transferred him to three different states" and he was "directed to contact the parent company with questions about his pay." (Dkt. 42 at 9). The complaint also alleges "[b]ased on information and belief, all personnel decisions of employees of defendants are made by the headquarter of H Mart and the other defendants merely implement the policy mandated by the headquarter." (FAC ¶ 17). These sparse allegations and allegations based on "information and belief" are not

7

enough to show that H Mart, Inc. exercised significant authority over any subsidiary's employment practices or that any subsidiary's corporate existence was simply a formality. Seo's broad, unsupported allegations do not establish a prima facie case of personal jurisdiction over the Foreign Defendants.

Finally, Seo requests "the opportunity for targeted discovery on this issue." (Dkt 42 at 10). The Court already granted Seo's request for limited discovery in order to respond to Defendants' motion to dismiss. (Dkt. 37). Seo's counsel represented that it needed discovery on whether defendants were joint employers. (*Id*.) Seo did not request personal jurisdiction discovery at that time (although presumably the discovery obtained from Defendants had relevance to both issues). Seo's request for personal jurisdiction discovery now is both belated and unsupported. There is no "automatic right" to jurisdictional discovery. *Marks v. Worldwide Robotic Automated Parking, LLC,* 2017 WL 2985757, at *3 (N.D. Ill. July 13, 2017). A "plaintiff must establish a colorable or prima facie showing of personal jurisdiction *before* discovery is permitted," and "bare, attenuated, or unsupported assertions of personal jurisdiction" do not warrant jurisdictional discovery. *Id*. (emphasis added) (citations and quotations omitted).

Seo has not met his burden to defeat Defendants' Rule 12(b)(2) challenge. The following defendants are dismissed: H Mart, Inc., H Mart American Dream LLC, H Mart Holdings, Inc., H Mart Logistics, Inc., H Mart Companies, Inc., and H Mart Troy, LLC.

### B. Joint Employers

After the dismissal of the Foreign Defendants, the following defendants remain: H Mart Midwest Corp. d/b/a Super H Mart ("H Mart Midwest"), BK Schaumburg Inc. ("BK Schaumburg"), and Hye Joo Choi ("Choi"). Defendants argue that Seo's allegations of a joint employment relationship do not satisfy minimal pleading standards, and so the FLSA claims against Defendants must be dismissed for failure to state a claim.[2]

Before addressing Defendants' argument about a lack of joint-employer relationship, the Court finds that Seo has sufficiently pled that BK Schaumburg and Choi were his employers for purposes of the FLSA and IMWL. Other than generally arguing that Seo's collective reference to "Defendants" does not establish that each Defendant was his employer (Dkt. 34 at 10), Defendants do not specifically contest BK Schaumburg's and Choi's status as Seo's employers. *See Williams*, 724 F.3d at 963; *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986) ("It is not the obligation of this court to research and construct the legal arguments open to parties."). Defendants concede that "at most, [Seo] has only pled facts connecting his work in Illinois to the BK Defendants"; that Choi was Seo's supervisor at BK Schaumburg, and that Seo alleges that Choi had control over him at BK Schaumburg, where Choi was the branch manager. (Dkt. 34 at 12, 15; Dkt. 51 at 2, 5).

---

[2] Although this Court has already dismissed the Foreign Defendants from all claims under Rule 12(b)(2), the analysis about joint employer status would apply to the Foreign Defendants as well.

In his complaint, Seo alleges that BK Schaumburg is an Illinois corporation doing business as H Mart in Schaumburg, is an enterprise as defined in the FLSA, and is subject to the FLSA and IMWL. (FAC ¶¶ 53-54). Seo worked at the H Mart Schaumburg location from October 8, 2018 to April 18, 2019. *Id*. ¶ 16. Choi is the branch manager of the H Mart Schaumburg store. *Id*. ¶ 56. Further, Choi "managed, supervised, established and administered the terms and conditions of [Seo's] employment"; she "participated in and approved of the unlawful pay practices of the business of H Mart at the Schaumburg, IL location"; "was involved in assigning work to [Seo]"; "had the power and authority to discipline [Seo]"; exercised authority over the terms and conditions of Seo's employment and how much and the manner in which he was paid; told Seo where to work and when to work and had "day-to-day control of Schaumburg location of H Mart." *Id*. ¶¶ 35-40. As Seo's direct supervisor, Choi told him how to do his job and she "had either ultimate authority to fire [Seo] or recommend to her superior that [he] be fired and such recommendation would carry strong consideration." *Id*. ¶ 41.

However, Seo failed to plead that H Mart Midwest is a joint employer along with BK Schaumburg and Choi. "It is well accepted that an employee may have more than one employer at a time," and "entities that share common control over an employee may be deemed 'joint employers' under the FLSA." *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1128 (N.D. Ill. 2017). To determine whether entities are joint employers, courts examine the economic reality of working relationships. *Id*. "[F]or a joint-employer relationship to exist, each alleged employer must exercise control over

the working conditions of the employee, although the ultimate determination will vary depending on the specific facts of each case." *Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr.*, 536 F.3d 640, 644 (7th Cir. 2008).[3]

Seo broadly claims that his work "simultaneously benefited all defendants." (FAC ¶ 10). As to H Mart Midwest specifically, Seo's only allegation is that he was on the payroll of H Mart Midwest. *Id.* ¶ 11. But he does not allege, for example, that H Mart Midwest "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of payments, (3) determined the rate and method of payment, and (4) maintained employment records," or other factors showing control over the working conditions of Seo. *Moldenhauer*, 536 F.3d at 644. Seo's general allegations about H Mart Inc. being the parent company and on information and belief, all defendants being fully owed by a single shareholder or his family members (FAC ¶ 9), also do not establish a joint employer relationship. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 381 (7th Cir. 2008) ("the fact that a corporation has only one single shareholder is not proof that the corporation is the 'alter ego' of that shareholder") (internal citations and quotations omitted); *see also Boyce v. SSP Am. MDW, LLC*, 2019 WL 3554153, at *4 (N.D. Ill. July 31, 2019) (reference to an entity being a parent organization insufficient to establish joint employer relationship).

---

[3] "The Seventh Circuit uses a similar analysis when considering who is a joint employer under both the FMLA and FLSA." *Katz v. Nw. Orthopaedics & Sports Med. Ltd.*, 2020 U.S. Dist. LEXIS 73225, at *25 (N.D. Ill. Apr. 27, 2020).

11

The claims against H Mart Midwest are dismissed.[4]

## C. FLSA Claim

"A claim for overtime wages is plausible if the plaintiff's factual allegations support a reasonable inference that there was at least one workweek in which he worked more than forty hours and did not receive overtime pay." *Frisby v. Sky Chefs, Inc.,* 2020 WL 4437805, at *5 (N.D. Ill. Aug. 3, 2020) (citing *Hirst v. Skywest, Inc.,* 910 F.3d 961 (7th Cir. 2018), cert. denied, 139 S. Ct. 2745 (2019), and 139 S. Ct. 2759 (2019)). Plaintiffs are not required to "plead specific dates and times that they worked undercompensated hours," but still "must provide some factual context that will nudge their claim from conceivable to plausible [and] must allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Hirst,* 910 F.3d at 966 (internal citations and quotations omitted). Seo alleges that while working for Defendants:

- He mostly started his work at 9 a.m. and ended at 7:00 p.m. for 6 days per week. He also started his work around 10 a.m. and ended around 8 p.m. (FAC ¶ 21)
- He took only one day off per week. But on his off day, he was often called to the store for special sale events or for visiting directors. (*Id.* ¶ 22).
- Defendants paid Seo a fixed amount of $4,500 a month. (*Id.* ¶ 23)
- Seo regularly worked more than 40 hours a week and was not paid the proper amount of overtime wages. (*Id.* ¶ 24).
- Defendants failed to pay Seo overtime compensation for all hours worked in excess of 40 hours per workweek. (*Id.* ¶ 49).
- He regularly worked more than 60 hours a week and was never paid the proper amount of overtime wages. (*Id.* ¶ 63).

---

[4] Seo says that he may request leave for even more discovery about the alleged joint employment relationship of Defendants. (Dkt. 42 at 7). This Court already granted Seo discovery on that topic in order for him to respond to the present motion. Seo did not file a motion to compel or otherwise raise with the Court that any of Defendants' discovery responses were deficient. Again Seo's belated request for additional discovery is denied.

The plausible inference is that for the entirety of his employment by Defendants, Seo regularly worked 60 hours per week, was paid only a set monthly amount regardless of how much he worked, and regularly worked in excess of 40 hours per week without receiving any overtime pay. Thus Seo sufficiently alleges that there was at least one workweek in which he worked more than forty hours and did not receive overtime. His allegations "nudge [his] claim from conceivable to plausible." *Hirst,* 910 F.3d at 966. *See also Frisby,* 2020 WL 4437805, at *5 (FLSA claim survived motion to dismiss where plaintiff alleged that between November 2015 and March 2019, he typically worked fifty to fifty-five hours per week, and by the time he quit he had accumulated over one hundred overtime hours for which he was never compensated).

### D. IMWL

The IMWL "fixes a minimum hourly wage and requires overtime pay for employees who have 'a work-week of more than 40 hours.'" *Mitchell v. JCG Indus.*, 745 F.3d 837, 844 (7th Cir. 2014). Because claims under the FLSA and IMWL are analyzed similarly, including the "employer" analysis, the Court's analysis above applies to the IMWL claim. *See id.* at 845-46; *Ivery*, 280 F. Supp. 3d at 1127 n.2; *Zampos v. W & E Commc'ns, Inc.*, 970 F. Supp. 2d 794, 806 (N.D. Ill. 2013).

Seo has stated a claim under the IMWL against BK Schaumburg and Choi. But the Court agrees with Defendants that the IMWL claim covers only the time period Seo pled that he worked in Illinois. Seo concedes as much (Dkt. 42 at 8). Specifically, that time period is October 8, 2018 to April 18, 2019, when he worked at BK

Schaumburg (Dkt. 34 at 15). Thus Seo's IMWL claim survives the motion to dismiss but only as to BK Schaumburg and Choi and is limited to the time period October 8, 2018 to April 18, 2019.

### E. WOWA

Count III in Seo's complaint is a claim under the Michigan law, WOWA, Mich. Comp. Law § 408.411 *et seq.* However the WOWA "specifically exempts employers who are otherwise covered by the FLSA." *Whaley v. Henry Ford Health Sys.*, 172 F. Supp. 3d 994, 1006 (E.D. Mich. 2016). Defendants argue that Seo alleges that they are employers under both the FLSA and WOWA and accepting Seo's allegations as true, the FLSA "undoubtedly covers all of the Defendants" and "thus, WOWA's overtime provisions do not apply." (Dkt. 34 at 15-16; Dkt. 51 at 8). The Court understands Defendants' argument to concede that they are covered by the FLSA, though not conceding any liability. Moreover, Seo does not make any connection between his work in Michigan in 2016 and the remaining defendants, Illinois company BK Schaumburg and BK Schaumburg branch manager, Choi. Therefore, the WOWA claim is dismissed.

### IV. Conclusion

For the stated reasons, Defendants' motion to dismiss [34] is granted in part and denied in part. The Court dismisses all claims against H Mart, Inc., H Mart American Dream LLC, H Mart Holdings, Inc., H Mart Logistics, Inc., H Mart Companies, Inc., and H Mart Troy, LLC pursuant to Federal Rule of Civil Procedure 12(b)(2) without prejudice. H Mart Midwest Corp. is dismissed pursuant to Federal Rule of Civil

Procedure 12(b)(6) without prejudice. Count III is dismissed in its entirety with prejudice pursuant to Rule 12(b)(6). Counts I and II, brought under the FLSA and IMWL respectively, remain as stated in this order.

E N T E R:

Dated: September 16, 2020

MARY M. ROWLAND
United States District Judge

15