IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kisu Seo, on behalf of himself and all other Plaintiffs similarly situated known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>BK Schaumburg, Inc., et al.<br><br>Defendants. | Case No. 19-cv-03248<br><br>Judge Mary M. Rowland |

## ORDER

Plaintiff Kisu Seo alleges that he worked overtime hours for a supermarket chain for which he was not compensated at the proper rate. Seo brings claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA) and Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* (IMWL).

**A. Background**

Seo initially filed this suit on May 14, 2019, and named only three defendants: H Mart Midwest Corp., BK Schaumburg, Inc., and Choi. (Dkt. 1). On August 6, 2019, Defendants' first motion to dismiss was denied as moot because Seo informed the court that he planned to file an amended complaint. (Dkt. 13). Inaction ensued. On August 28, 2019, when Seo did not file an amended complaint by the Court-ordered deadline, Defendants re-filed their motion to dismiss. (Dkt. 15). On September 30, 2019, the court gave Seo until October 18, 2019 to respond to the motion or file an

1

amended complaint. (Dkt. 24). Seo filed the First Amended Complaint (FAC) on October 21, 2019, three days late, adding six (6) new defendants. (Dkt. 26).

Faced with a new operative complaint, Defendants again filed a motion to dismiss arguing, in part, lack of personal jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).[1] (Dkt. 34). On September 16, 2020, the court found Seo had failed to establish personal jurisdiction as to H Mart, Inc., H Mart American Dream LLC, H Mart Holdings, Inc., H Mart Logistics, Inc., H Mart Companies, Inc., and H Mart Troy, LLC. (Dkt. 54 at 8).[2] The court also found that, while BK Schaumburg and Choi were properly named as defendants, Seo failed to plead that H Mart Midwest was a joint employer pursuant to case law arising under the FLSA. (Dkt. 54 at 10-11).

On October 7. 2020 Defendants BK Schamburg and Hye Joo Choi answered the First Amended Complaint. (Dkt. 55 & 56). A month later, on November 9th, Seo reported in a Joint Status Report that he intended to seek leave to file another amended complaint.

More inaction on the part of plaintiff ensued.

**B. Current motions**

The court is currently presented with two motions. On December 2, 2020 defendants request the Court to dismiss, *with prejudice*, H Mart, Inc., H Mart

---

[1] The court also dismissed, with prejudice, Seo's claims brought pursuant to the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws Ann. § 408.411 *et seq*. (WOWA).

[2] The court allowed Seo to conduct limited discovery as to whether defendants were joint employers. (Dkt. 37).

2

American Dream LLC, H Mart Holdings, Inc., H Mart Logistics, Inc., H Mart Companies, Inc., and H Mart Troy, LLC, all of which were previously dismissed *without prejudice* (Dkt. 61 at 6). Defendants also seek to prevent Plaintiff from seeking certification of a collective action under Fed. Rule Civ. R. 23. Defendants argue that Plaintiff's inaction has needlessly drawn out the action and caused delay.

On December 7, 2020, Seo responded to Defendants' motion with his own motion: Plaintiff's motion for leave to file Amended Complaint and stay discovery (Dkt. 63). Seo essentially responds that the delay Defendants' complain of is resolved by his Proposed Second Amended Complaint.

Federal Rule of Civil Procedure 15(a)(2) instructs courts that such leave should be "freely given." The Supreme Court has interpreted this rule to require that amended complaints be permitted unless there is a good reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015) (citing *Foman*).

The court is constrained by the law to allow the current amended complaint. But it must be noted that Mr. Seo has sought to initiate this proceeding in federal court and yet, at every turn, it appears to the court he must be cajoled and nudged to participate in the proceedings. He reported he would file his first amended complaint on August 6 and took over well over 60 days to file it on October 21, 2019. Over a year

3

later, on November 9, 2020, Seo again reported that he would attempt to address the court's dismissal ruling via an amended complaint and did not do so until December 7, 2020—and only after being prompted by defendants' motion to dismiss. The court appreciates Defendants' frustrations, this is their fourth motion to dismiss. However, there is no legal basis under Fed. R. Civ. Pro. 15 to disallow the amended complaint. There is no prejudice and defendants do not argue any. However, timely filings are required and expected going forward.

### C. Conclusion

For the stated reasons, Defendants' motion to dismiss [61] is denied. Plaintiff's motion for leave to file an amended complaint [63] is granted. Plaintiff shall file the Second Amended Complaint as a separate docket entry by February 16, 2020.

E N T E R:

Dated: February 11, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

4